**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| ARTHUR DAVID LOWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:26-cv-391-JDK-KNM |
| | § | |
| SGT AHMED A KALAPO, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Arthur David Lowe, a Texas prisoner incarcerated within the Connally Unit of the Texas Department of Criminal Justice (TDCJ) proceeding pro se and seeking to proceed *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On August 25, 2026, the Magistrate Judge issued a Report, Docket No. 3, recommending that Plaintiff's motion for leave to proceed *in forma pauperis*, Docket No. 2, be denied and that the Court summarily dismiss this action, with prejudice, as to the refiling of another *in forma pauperis* lawsuit raising the same claims—but without prejudice to the refiling of this lawsuit upon payment of the full filing fee of $405.00. Judge Mitchell determined that Plaintiff accumulated at least three strikes under the Prison Litigation Reform Act (PLRA) prior to filing this lawsuit and failed

to demonstrate that he faces imminent danger of serious physical injury. Plaintiff filed timely objections. Docket No. 8.

The Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten days to fourteen days).

In his objections, Plaintiff admits that he has accumulated at least three strikes under the PLRA. But he insists that his lawsuit should proceed because he has demonstrated that he faces imminent danger of physical injury. Specifically, Plaintiff contends that he suffers from severe numbness in his neck, back, legs, and feet. He explains that he experiences difficulty walking, headaches, loss of vision, and chest pains. Plaintiff states that he attended a telehealth visit with a neurologist on July 22, 2026, in which the doctor informed him that he discovered blood in his stool and scheduled a cardiology appointment. He further explains that his "condition is worsening" and that a second surgery is likely. Docket No. 8 at 4.

The Magistrate Judge correctly found that Plaintiff accumulated three strikes prior to filing this lawsuit for his history of filing frivolous lawsuits or those that fail to state a claim upon which relief may be granted. As a result, Plaintiff may not pursue an *in forma pauperis* action in federal court unless he is under imminent

danger of serious physical injury at the time the complaint is filed. 28 U.S.C. § 1915(g); *see also Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 321 (5th Cir. 2023).

Allegations of past harm do not satisfy the imminent danger exception—as past danger cannot be characterized as "imminent." *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001). The Fifth Circuit has also explained that "there must be a nexus between the supposed imminent danger and the allegations and claims in the underlying suit." *Prescott*, 73 F.4th at 321; *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam).

Plaintiff's objections will be overruled. In his complaint here, Plaintiff sues Sergeant Kolapo for failing to provide respite or move him to a different cell while he was housed in pre-hearing detention on the Michael Unit given his heat restrictions on June 18, 2025. Docket No. 1 at 4–5. He asserts that as the day progressed, the heat "grew on" and he became overheated and experienced dizziness, breathing issues, and numbness in his extremities. Plaintiff explains that he filed grievances—and that medical providers referred him to specialist appointments and ordered physical therapy. However, he notes that the Connally Unit officers are "not approving" and that officials at the Connally Unit are not escorting him. He claims that he fears that he will not be escorted to the medical department. *Id.* at 9.

Plaintiff's claims do not provide a sufficient nexus between the supposed allegations of imminent danger at the Connally Unit and his allegations against Defendant Kolapo for refusing to provide unspecified respite or move him to a

different cell in June 2025. In other words, the supposed danger Plaintiff faces from the alleged denial of medical treatment or the failure to escort him on the Connally Unit is unrelated to his claims regarding the denial of respite from the heat while housed at the Michael Unit against Defendant Kolapo. Moreover, Plaintiff's contention that he will likely face a second surgery is speculative—and thereby does not demonstrate imminent danger of serious physical injury as required by Section 1915(g). *See Prescott*, 73 F.4th at 322. Plaintiff has not identified an error in the Magistrate Judge's Report.

After a review of the pleadings, the Magistrate Judge's Report, Plaintiff's objections, and the relevant law, Plaintiff's objections, Docket No. 8, are **OVERRULED**. Accordingly, the Court hereby **ADOPTS** the Report of the United States Magistrate Judge, Docket No. 3, as the findings of the Court.

Plaintiff has also filed a motion to reconsider the Court's order denying his motion to appoint counsel. Docket No. 13. Plaintiff, however, fails to demonstrate that the appointment of counsel, based on exceptional circumstances, is necessary at this time. Plaintiff's motion for reconsideration is therefore **DENIED**. Docket No. 13.

Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis*, Docket No. 2, is **DENIED** and Plaintiff's complaint is **DISMISSED**, with prejudice, as to the refiling of another *in forma pauperis* lawsuit raising the same claims—but without prejudice to the refiling of this lawsuit upon payment of the full $405.00 filing fee within fifteen (15) days from the entry of this order. 28 U.S.C. § 1915(g). Plaintiff's motion for reconsideration is also **DENIED**. Docket No. 13.

So **ORDERED** and **SIGNED** this **20th** day of **November, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE